### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   1:11-CV-160-SNLJ |
| | ) | |
| UNKNOWN BROCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #2].  Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1]  Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff was "under imminent danger of serious physical injury" at the time he filed his complaint.

After reviewing the complaint, the Court finds no allegations that would show that plaintiff was in imminent danger of serious physical injury on August 23, 2011, when he signed the complaint.  Rather, plaintiff claims that three weeks prior to his release from prison on August 26, 2011,[2] he was forced to cell with an inmate with three life sentences.  Plaintiff claims that he was assaulted, and when he complained and requested a single cell, he was forced "to choose between living in the suicide cell naked, with nothing for 2 weeks, or live with a violent offender."  Plaintiff states that he went to the suicide cell for two weeks, during which time he

---

[1]See Bailey v. Reeves, 1:08-CV-147-LMB (E.D. Mo.); Bailey v. Rice, 1:11-CV-97-LMB (E.D. Mo.); and Bailey v. CMS, 4:10-CV-2093-FRB (E.D. Mo.).

[2]On August 25, 2011, the Court received notice from plaintiff that he was being released from prison on August 26, 2011.  See Bailey v. Culton, No. 4:11-CV-1356-CAS (E.D.Mo.)(Doc. #6).

had no bedding, medication, clothing, or showers.  Also, he states that he was denied his "psych meds to punish him further," and that he declared a medical emergency after experiencing severe chest pains and "bust[ing] his head open on the toilet."   Plaintiff claims that "after 2 weeks of torture & abuse, they finally put him in a one man cell," where he apparently stayed for approximately one week, until his release on August 26.  Under these circumstances, it does not appear that plaintiff was under imminent danger of serious physical injury at the time he filed his complaint.  For these reasons, the Court will order plaintiff to show cause within thirty (30) days as to why this action should not be dismissed without prejudice to refiling as a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause within thirty (30) days as to why this action should not be dismissed without prejudice to refiling as a fully-paid complaint, pursuant to 28 U.S.C. § 1915(g).  Plaintiff's failure to file a show cause response within thirty (30) days shall result in the dismissal of this action, without prejudice to refiling as a fully-paid complaint.

Dated this __20th__ day of __October__, 2011.

_____
UNITED STATES DISTRICT JUDGE

-2-